# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JAMES WALKER,

|              | Petitioner, |              | Case Number: 2:09-CV-11439 |

v.                                                              HON. LAWRENCE P. ZATKOFF

JOHN PRELESNIK,

                             Respondent.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Petitioner James Walker is a state inmate currently incarcerated at the R. A. Handlon Correctional Facility in Ionia, Michigan. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that he is incarcerated in violation of his constitutional rights. For the reasons which follow, the petition will be dismissed.

**I.**

Petitioner pleaded guilty in Macomb County Circuit Court to armed robbery. On July 19, 2001, he was sentenced to 15 to 30 years' imprisonment.

Petitioner did not file a direct appeal of his conviction. *See* Petition at 2. Following the Supreme Court's decision in *Halbert v. Michigan*, 545 U.S. 605 (2005), he filed a request in the trial court for appointment of appellate counsel. The trial court denied the request. *People v. Walker*, No. 00-3285-FC (Macomb County Circuit Court Dec. 26, 2006).

Petitioner appealed the trial court's denial of his request for counsel to the Michigan Court of Appeals and Michigan Supreme Court. Both appellate courts denied leave to appeal. *People v. Walker*, No. 276027 (Mich. Ct. App. Feb. 22, 2007); *People v. Walker*, No. 133564 (Mich. June 23,

2008).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the following claims:

I.      Where the Michigan Constitution grants all defendants who have pled guilty or nolo contendere the right to appeal by leave, it violates the equal protection and due process guarantees of the state and federal constitutions to deny indigent defendants appointed counsel.

II.     Mr. Walker is entitled to reinstatement of his direct appeal and appointment of appellate counsel under *Halbert v. Michigan*, 125 S. Ct. 2582 (2005), where *Halbert* applies retroactively to all cases on collateral review and this conviction never became final for the purpose of direct appeal.

**II.**

**A.**

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). Petitioner's habeas petition does not present grounds which may establish the violation of a federal constitutional right; therefore, the petition will be dismissed.

**B.**

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that

2

was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429 (6th Cir. 1998). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1); see also *Cremeans v. Chapleau*, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .

A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court defined "unreasonable application"

3

as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 410-11.

### III.

Petitioner's claims rest upon an argument that he was unconstitutionally denied a right to counsel on direct appeal. Petitioner's conviction is the result of a guilty plea. Under Michigan law in effect at the time, defendants who plead *nolo contendere* or guilty generally were not appointed appellate counsel for review of the conviction or sentence. Mich. Comp. Laws § 770.3(a)(2). Petitioner, therefore, was not provided counsel for an appeal to the Michigan Court of Appeals.

In *Halbert v. Michigan*, 545 U.S. 605 (2005), the Supreme Court held that the "Due Process and Equal Protection Clauses require the appointment of counsel for defendants, convicted on their pleas, who seek access to first-tier review in the Michigan Court of Appeals." *Id.* at 610. However, *Halbert* is not retroactive to cases on collateral review. *Simmons v. Kapture*, 516 F.3d 450, 451 (6th Cir. 2008).

Petitioner's judgment of sentence was entered on July 19, 2001. Petitioner did not file a direct appeal of his conviction. His conviction became final on July 19, 2002, when the one-year limitations period for filing a delayed application for leave to appeal in the Michigan Court of Appeals expired. *See* Michigan Court Rule 7.205(F). His conviction, therefore, was final several

4

years before *Halbert* was decided.

Because Petitioner's claims rely upon the retroactive application of *Halbert* and *Halbert* is not retroactive to cases on collateral review, Petitioner fails to state a claim upon which relief may be granted.

### IV.

The Court next addresses whether Petitioner's claims warrant the issuance of a certificate of appealability. Before Petitioner may appeal the Court's dispositive decision denying his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

"When a habeas applicant seeks permission to initiate appellate review of the dismissal of his petition," a federal court should "limit its examination to a threshold inquiry into the underlying merit of his claims." *Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDonnell*, 529 U.S. 473, 484 (2000).

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. It would be a "rare case" in which a district judge issues a certificate of appealability after summarily dismissing a petition because it plainly appeared from the face of the

5

petition and any exhibits annexed to it that the petitioner was not entitled to habeas relief.  *See*

*Alexander v. Harris*, 595 F. 2d 87, 91 (2nd Cir. 1979).

## V.

It plainly appears from the face of the petition that Petitioner is not entitled to habeas relief

from this Court, and the petition, therefore, is subject to summary dismissal.  *See* Rule 4, Rules

Governing Section 2254 Cases.  Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  May 5, 2009

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of
record by electronic or U.S. mail on May 5, 2009.


S/Marie E. Verlinde
Case Manager
(810) 984-3290